# Griffin *v.* Appleby.

*Attachment issued by, and returnable before Notary Public, with Jurisdiction of Justice of the Peace.*

1. *Notary public, with jurisdiction of justice of the peace.*—The grant of jurisdiction to notaries public appointed by the Governor, to "have and exercise the same jurisdiction as justices of the peace," by the constitution of 1875, (Art. vi, § 26), is as plenary, within their respective precincts and wards, as is the grant to justices of the peace; and whatever is given by statute to render the constitutional jurisdiction of the

[Griffin v. Appleby.]

latter effectual—whatever of process they may employ in the exercise of the jurisdiction granted to them, such notaries public take and may employ, although they are not mentioned *eo nomine* in the statute.

2. *Same; can issue attachment returnable before himself.*—Notaries public appointed to have and exercise such jurisdiction, can issue attachments returnable before themselves, to enforce the collection of debts, not exceeding in amount one hundred dollars.

3. *Same; jurisdiction distinguished from powers.*—There may be, by the statutes, grants of *powers* to justices of the peace, not affecting their jurisdiction, which the constitution does not confer on notaries public having and exercising only the *jurisdiction* of justices of the peace.

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES E COBB.

On 31st October, 1881, J. M. and G. L. Griffin sued out two attachments against J. K. Appleby, a non-resident, which were issued by, and returnable before S. P. Green, a notary public appointed by the Governor, with the jurisdiction of a justice of the peace. The attachments were issued to enforce the collection of two debts, each less in amount than one hundred dollars, and were levied by service of writs of garnishment on E. G. Richards, as debtor to the defendant. The defendant and garnishee appeared before the notary in both cases, and objected to the notary's jurisdiction, the defendant moving to dismiss the attachments and to "quash the proceedings" had thereon, and the garnishee moving to dismiss the garnishments issued and served on him. The notary overruled these motions and rendered judgment in each case against the defendant, and also against the garnishee on his answers. The garnishee appealed in each case to the Circuit Court, and there renewed his motions to dismiss. The defendant also appeared and renewed his motions to dismiss the attachments and quash the proceedings had thereon. The Circuit Court quashed the garnishments issued in both cases, and the plaintiffs excepted, and from the judgment rendered in each case they appealed to this court. Both cases were here tried together, and the error assigned in each case is the ruling of the Circuit Court above noted.

ROBINSON & DENSON, for appellant.

E. G. RICHARDS, *contra.*

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The Constitution, Art. vi, § 26, declares, "justices of the peace shall have jurisdiction in all civil cases, whenever the amount in controversy does not exceed one hundred dollars, except in cases of libel, slander, assault and bat-

tery, and ejectment." The right of appeal without the pre-payment of costs, it requires, shall be secured by law. The same section of the constitution provides: "That the Governor may appoint one notary public for each election precinct in counties, and one for each ward in cities of over five thousand inhabitants, who, in addition to the powers of notary, shall have and exercise the same jurisdiction as justices of the peace within the precincts and wards for which they are respectively appointed."

The Code, § 3682, confers on justices of the peace exclusive power to issue attachments returnable before themselves, when the amount claimed does not exceed one hundred dollars, in two classes of cases: *First*, to enforce the collection of a debt, whether due or not at the time the attachment is sued out; *second*, to recover damages for the breach of a contract, where the damages are uncertain or unliquidated. The single question presented in these cases is, whether a notary public appointed by the Governor, having, and authorized to exercise the jurisdiction of a justice of the peace, can issue an attachment returnable before himself as justice of the peace, to enforce the collection of a debt, not exceeding in amount one hundred dollars.

The constitution of 1865 enlarged the jurisdiction of justices of the peace in civil cases, increasing the amount from fifty to one hundred dollars. The enlargement was followed by a statute enacted February 20th, 1866, forming part of § 3285 of the Revised Code, increasing the amount from fifty to one hundred dollars, for which they could in the specified cases issue attachments returnable before themselves. The constitution of 1868, Article 6, § 13, first conferred on notaries public the jurisdiction of justices of the peace, in terms more general than are employed in the present constitution. The clause of that constitution was, " that notaries public appointed according to law shall be authorized and required to exercise throughout their respective counties, all the powers and jurisdiction of justices of the peace."

The constitution is to be read and construed in connection with, and in the light of the existing laws, and when to these it refers, if it is not so read and interpreted, its real meaning can not be ascertained and effect can not be given to the intent of its framers, and of the people in its adoption. There can be no question that the grant of jurisdiction to notaries public, appointed by the Governor, to have and exercise it, is as plenary as the grant of jurisdiction to justices of the peace. The grant of jurisdiction to the one is not distinguishable from the grant to the other—within the precinct or ward for which he is appointed, the notary is, according to the words of the consti-

[Griffin v. Appleby.]

tution, "to have and exercise the same jurisdiction as justices of the peace." The mode in which the justice of the peace should exercise the jurisdiction conferred upon him, or the process he should employ to render the jurisdiction effectual, the constitution does not prescribe. That is left to legislative regulation, and, prior to the adoption of the constitution, had been the subject of legislation, and a system established, remaining of full force, because not repugnant to, or inconsistent with the provisions of the constitution. The statutes prescribing the mode in which the jurisdiction shall be exercised, and the process which shall be employed, refer in words only to justices of the peace, because enacted and existing prior to the constitutional grant of the same jurisdiction to notaries public. But these statutes open and take in the notaries public appointed to have and exercise the jurisdiction of justices of the peace. Otherwise, in the absence of legislation incorporating into these statutes the words *notaries public*, the grant of jurisdiction by the constitution would be barren—its energy and vitality dependent upon the legislative will. The constitutional grant is plenary, and whatever is necessary to make it effectual must be supplied by the common law, and by the statutes pertaining to the subject-matter. There may be by the statutes grants of *powers* to justices of the peace—powers not affecting their jurisdiction, which could be revoked without affecting or impairing the jurisdiction they are appointed to exercise, which the constitution does not confer on notaries public having and exercising only the jurisdiction of justices of the peace. But whatever is given by statute to render the constitutional jurisdiction of the justice of the peace effectual—whatever of process he may employ in the exercise of the jurisdiction, the notary having the same jurisdiction takes and may employ, though not mentioned *eo nomine* in the statutes.

The rulings of the Circuit Court are inconsistent with this view, and the judgments must be reversed and the cause remanded.