# Rice & Wilson *v.* Watts.

*Trespass de bonis asportatis.*

1. *Notary public with justice's jurisdiction; power to issue attachments returnable before himself.*—A notary public with the jurisdiction of a justice of the peace has authority to issue an attachment returnable before himself for the collection of a demand within a justice's jurisdiction.

2. *Trespass de bonis asportatis; when attachment competent evidence.* Such attachment is competent evidence for the constable levying it, and the plaintiffs therein, in an action of trespass brought against them by the defendant in the attachment suit, for taking personal property levied on under the writ.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an action of trespass *de bonis asportatis*, brought by N. Watts against D. S. Rice, Alex. Wilson and J. W. McDade, and was commenced on 21st December, 1881. The cause was tried on issue joined "on the plea of not guilty, and justification under legal process," the trial resulting in a verdict and judgment for the plaintiff. The plaintiff having offered evidence tending to show that the chattels described in the complaint were taken from him, the defendants offered in evidence, as a justification of the act complained of, the affidavits, bonds, and writs, with the endorsements thereon, in two attachment suits commenced by the defendants, Rice & Wilson, who were partners, against the plaintiff, before J. H. Nettles a "notary public ·and *ex officio* justice of the peace." These attachments were made returnable before said notary, the amount claimed in each being within the jurisdiction of a justice of the peace; and they were levied on the chattels described in the complaint by McDade, acting as constable. On objection of the plaintiff, the court refused to allow these papers to be read in evidence, on the ground that the attachments were issued "by a notary public and an *ex officio* justice of the peace, and that such officer had no power to issue" the same. To this ruling the defendants excepted, and now assign the same as error.

J. M. FALKNER and R. M. WILLIAMSON, for appellants.

RICE & WILEY, *contra.*

SOMERVILLE, J.—This suit is one in trespass, brought against certain creditors of the plaintiff, for wrongfully taking

[Landford v. Dunklin and Reese, Administrators.]

personal property levied on by a constable under a writ of attachment issued by one Nettles, who was a notary public and *ex officio* justice of the peace. The constable, who served the process, is also sued as a trespasser and co-defendant.

The attachment papers, under authority of which the levy was made, were excluded from evidence by the court, on the assumed ground, that a notary public, who is appointed by the Governor, having authority to exercise the *jurisdiction* of a justice of the peace, possessed no power to issue such extraordinary process. The question was decided to the contrary in *Griffin v. Appleby*, 69 Ala. 409. It was there held that such an officer, within the precinct or ward for which he is appointed, may exercise the same jurisdiction, and to this end employ the same process as justices of the peace. In *Vann & Waugh v. Adams, Thorne & Co., ante* p. 475, we held that notaries public had no authority to issue writs of attachments *returnable to a city or a circuit court*—this being a special statutory power conferred on justices of the peace as such, and not appertaining or being appurtenant to their ordinary jurisdiction.

The court erred in excluding the evidence, for which the judgment must be reversed, and the cause remanded.