# Bain & Sons v. Mitchell.

*Statutory Trial of Right of Property.*

1. *Attachment; by whom issued.*—The act incorporating the town of Guntersville, in Marshall county, confers on the mayor of the town "all the powers and jurisdiction of a justice of the peace in civil and criminal cases" (Sess. Acts 1871-2, p. 216); and this confers, by necessary implication, the power to issue an attachment returnable before himself, when the amount in controversy does not exceed $100.

2 *Same; by whom levied or executed.*—Under the said act of incorporation, the marshal of the town is required to execute all final process on judgments rendered by the mayor, and is also authorized to perform all the duties of a constable ; but, as to original or mesne process issued

by the mayor as a justice of the peace, exclusive authority not being conferred on the marshal, an original attachment issued by him may be directed to any constable of the county, and may be executed by the sheriff.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES AIKEN.

The appellee in this case, Wm. A. Mitchell, sued out an attachment on the 14th November, 1884, against Geo. W. Thrift, claiming a debt of $85 for advances made, during the year 1884, to enable the said Thrift to make a crop. The attachment was sued out before O. H. Milner, who was the mayor of the town of Guntersville, and was issued by him " as mayor and *ex officio* justice of the peace;" was directed to any constable of the county, and was executed by the sheriff, who levied it on one mule, forty bushels of corn, and about fifteen hundred pounds of seed-cotton, as stated in his return.   A claim to the property was thereupon interposed in the name of James S. Bain & Sons as partners, and bond given for a trial of the right of property under the statute.   Milner's term of office as mayor having expired, and his successor being disqualified to sit in the case, it was transferred to a justice of the peace; and on the trial in his court, there was a judgment on verdict for the claimants.   The plaintiff appealed to the Circuit Court, and on the trial, under the rulings of the court, obtained a verdict and judgment.   On the trial, as the bill of exceptions shows, the claimants objected to the admission of the attachment as evidence, because it was issued by an officer who had no authority to issue it, was directed to an officer who had no authority to levy it, and was levied by an officer who had no authority to levy it; and they excepted to the overruling of their several objections.   The admission of the attachment as evidence is here assigned as error.

HAMILL & LUSK, for the appellants.

CLOPTON, J.—The initial process is an attachment issued by the mayor of Guntersville, returnable before himself, and levied on the property in dispute by the sheriff of the county.   The act to incorporate the town provides : "That the mayor shall possess all the powers and jurisdiction of a justice of the peace in civil and criminal cases, concurrent with and which are now possessed and exercised by justices of the peace in the county of Marshall, and be subject to all corresponding duties and responsibilities ; and for his services in such cases shall be entitled to the fees which are or may be allowed by law to justices of the

20

[Bain & Sons v. Mitchell.]

peace ; and his signature or acts in such cases shall be of equal force as if done by him expressly as a justice." — Acts 1871-72, p. 216. In *Griffin v. Appleby*, 69 Ala. 409, it was held, that the constitutional grant to notaries public appointed by the governor—"to have and exercise the same jurisdiction as justices of the peace"—is as plenary within their respective precincts and wards, as is the grant to justices of the peace ; and that by authority thereof, notaries public, empowered by their appointment to have and exercise such jurisdiction, can issue attachments returnable before themselves. This ruling was followed and re-affirmed in *Rice v. Watts*, 71 Ala. 593. The principle on which these decisions rest is, that the grant of jurisdiction being plenary, the means to make it effectual, none being specially provided, must be supplied by the common law, or by the statutes pertaining to the subject-matter ; that whatever power is given by statute, necessary to render the jurisdiction of the justice of the peace effectual and operative, the notary, having the same jurisdiction, takes and may employ, as if mentioned *eo nomine* in the statutes. More comprehensive terms to confer power and jurisdiction could not have been selected, than are employed in the act of incorporation —" shall possess all the powers and jurisdiction of a justice of the peace in civil and criminal cases, concurrent with and which are now possessed and exercised by justices of the peace in the county of Marshall ; . . and his signature or acts in such cases shall be of equal force as if done by him expressly as a justice." On the principle settled as above stated, authority to issue attachments within the corporate limits, for the collection of debts not exceeding one hundred dollars in amount, returnable before himself, is conferred by the act of incorporation.

It is contended, that if the mayor had power to issue the writ, the sheriff was without authority to execute it,—was a trespasser in seizing the property under it, and the levy is void. The argument is, that by the provisions of the incorporating statute, the writ should have been directed to the marshal of the town, and must be executed by him. After granting the powers and jurisdiction of a justice of the peace, and original and exclusive jurisdiction as mayor, the statute continues : "And upon the judgment of the mayor in any case, in either branch of his jurisdiction as mayor or as justice, execution or other appropriate process may be issued by the clerk of the corporation, directed to, and to be executed by the marshal." The execution, or other appropriate process, which it is provided shall be so issued, directed and executed, refers to *final* process upon a

*judgment* rendered by the mayor. No provision is made as to the character, form or execution of original or *mesne* process which may be requisite to make his jurisdiction as a justice of the peace effectual. The powers and rights of constable are conferred on the marshal, and he is required to execute all warrants, precepts, executions, and all processes from the *mayor's* court. He is required to perform all the duties properly pertaining to the office of marshal of the corporation, and is also authorized to perform the duties of constable within the county, but not exclusively. In the absence of special provisions, the statutes pertaining to the exercise of his jurisdiction by a justice of the peace supply the kinds and forms of original or *mesne* process, and prescribe to whom to be directed, and by whom to be executed, which the mayor may employ in the exercise of his powers and jurisdiction of justice of the peace. The present case falls within the influence and operation of the cases cited above. The writ of attachment is directed in conformity with the statutory form of such writs, when issued by a justice of the peace—"to any constable of said county"—which is authority to any constable to execute it; and by section 731 of the Code, 1876, "the sheriff is authorized to execute all mesne and final process which is required of constables." There is no defect in the attachment or levy, of which the claimant can take advantage in a statutory trial of the right of property.

Affirmed.