COMMONWEALTH ROOFING COMPANY

*v.*

MICHAEL RICCIO.

[Decided September 10th, 1912.]

Equity has jurisdiction of a suit to recover from the owner moneys alleged to have been "stopped" in his hands by notice under the third section of the Mechanics' Lien law, but such jurisdiction is not exclusive, and will not be exercised if the recovery at law is full, plain and adequate, unless there are some features of the case which make it more appropriate for a court of equity than for a court of law, and there being none in this case this court will refrain from exercising its jurisdiction, but will leave the complainant to his action at law.

---

On motion under rule 213 to strike out the bill.

*Messrs. Condict, Condict & Boardman,* for the complainant.

*Mr. Horace L. Allen,* for the defendant.

GARRISON, V. C.

I have sufficiently considered the above case to reach a decision but have not had opportunity to prepare a formal opinion. This informal memorandum will serve to enlighten counsel as to the

reasons for my disposition of the case; and in the event of an appeal I will file a formal opinion.

The judgment in the mechanics' lien suit must be held to settle, as between these parties, that the complainant has not the right to a mechanics' lien on the land in question; and it is necessarily bound up and settled by this determination that the filed contract is the legal, effective contract between the parties to it. That question was absolutely at issue in that suit, and was settled by the judgment in favor of the defendant, and is not open to be relitigated by the plaintiff and the defendant in this suit. The mere fact that the plaintiff in that suit did not bring forth all the reasons which in his opinion rendered that contract invalid or ineffective is immaterial now; he had opportunity to do so—it was his duty to do so; and he is bound by that judgment just as effectually as if he had done so.

The effect to be given judgments as *res adjudicata* is dealt with by me in *Barber* v. *Miller* (*1907*), *72 N. J. Eq.* (*2 Buch.*) *248;* affirmed in court of errors and appeals (*1908*), *74 N. J. Eq.* (*4 Buch.*) *453*, and under what I there found to be the law I must hold that the judgment in the present case settles, between these parties, that the filed contract must be treated as the valid, legal contract between them.

This being so, the sole question is, Should equity retain jurisdiction of a suit to recover from the owner moneys alleged to have been "stopped" in his hands by notices under the third section of the Mechanics' Lien law?

Counsel for the complainant has argued learnedly, and, I think, convincingly, that equity has jurisdiction of such suits. It would almost seem, in consonance with the reasoning employed by the court of errors and appeals in *Delafield Cons. Co.* v. *Sayre, 60 N. J. Law* (*31 Vr.*) *449*, that the jurisdiction in equity should have been held to be exclusive. But counsel likewise concedes that it has not been so held, and in fact that most, if not all, of the reported cases where a recovery was sought against the owner under notice filed in pursuance of the third section of the Mechanics' Lien law were at law. This being so, the utmost that counsel for the complainant can successfully argue that he has shown is a case where courts of equity and of

law have concurrent jurisdiction; and in all such cases the
former have held that they will not exercise their jurisdiction if
the recovery at law is full, plain and adequate, unless there are
some features of the case which make it more appropriate for a
court of equity than a law court to handle. This is particularly
and peculiarly so in all those cases where the only thing sought
is a pecuniary recovery.

Therefore, as I view it, there is only one question for consid-
eration in the suit at bar, namely, Are there any features which
make it more appropriate to try the case here rather than at law?
I can see none. It is true the complainant speaks of fraud in this
connection, but the fraud which can be investigated in this suit
is not in the inception of the contract—it is a fraudulent pre-
tence of payment by the owner to the contractor, a matter en-
tirely within the comprehension and proper disposition of a jury.
There is no complexity, circuity or other feature to invoke the
aid of equity—no accounting of any intricacy is involved. The
owner either has or has not paid the money due the contractor.
If he pretends he has, and with the aid of the contractor seeks
fraudulently to make it so appear, the falsity of such a claim can
be demonstrated to a jury as well as to the chancellor.

No discovery is needed excepting such as can, under existing
procedure, be obtained at law by examinations before trial.

The action at law, I presume, is in form one for money had
and received by the defendant for the use of the plaintiff, and
that is in its nature really an equitable action jurisdiction of
which has grown up in the law courts. In it, as I view it, the
plaintiff will have all the opportunity he would have here, and
will obtain identical relief there as here if he proves his case.

The tendency of the courts of equity has been to refrain from
exercising their jurisdiction in certain classes of cases, particu-
larly those where a mere money recovery is sought, just as soon
as the law courts have possessed and exercised a jurisdiction
adequately to afford a complete remedy.

I think there is such a case, and will refrain from exercising
the jurisdiction of equity, and leave the complainant to his action
at law.

I leave for further determination the question whether, under the act of 1912, the case should now be transferred to a court of law, and if so, how and to which court.

### MEMORANDUM.

GARRISON, V. C.

On the motion to strike out portions of this bill, I gave counsel a hearing to-day, and have determined to strike out the third, fourth, seventh, eighth (down to a certain point) and part of the ninth and part of the tenth paragraphs, and part of the prayers.

The theory on which I am proceeding is this: This bill is framed for two purposes—one is to retry in this case, upon the theory that there was fraud in the inception of the contract, the right of this complainant to a mechanics' lien upon the property in question. As to that, the face of the bill shows that they have had their day in court in the mechanics' lien suit, and, therefore, if that matter had appeared solely in the bill, the entire bill from beginning to end would have been stricken out upon a motion to strike out (which is, in effect, a demurrer). Treating the motion as having this effect now, I strike out from this bill all that part of it, from beginning to end, which asserts by way of charge, statement or prayer, a right to a mechanics' lien, holding that, upon the face of the bill, is shown to be an attempt to have this court retry a case which has been tried and determined between these very parties at law.

The rest of the bill, that concerns the right of the complainant to collect from the owner money alleged to be in his hands, stop-noticed there under the act, is properly charged in the part left in, and the proper prayers to effectuate that relief are left in.

· This memorandum should accompany the other memorandum if the case goes to the court of errors and appeals, because only in that way could that court understand what this court has done.