AMERICAN CENTRAL INSURANCE COMPANY OF ST. LOUIS v. OTTMAR P. HETTLER.

FILED OCTOBER 17, 1893.   NO. 5254.

1. Fire Insurance Companies: MONEY DUE POLICY HOLDER: GARNISHMENT IN ANOTHER STATE. An insurance company having sustained a loss in this state, which is adjusted and payable here, cannot be garnished in another state where it has neither property nor money of the debtor subject to the process of the court.

2. Garnishment: ATTACHED PROPERTY: JURISDICTION. Garnishment is an attachment by means of which money or property of a debtor in the hands of a third party, which cannot be levied upon, may be subjected to the payment of the creditor's claim. To subject such property to attachment it must be within the jurisdiction of the court.

57

ERROR from the district court of Saline county. Tried below before GASLIN, J.

The facts are stated in the opinion.

*Abbott & Abbott,* for plaintiff in error:

The plaintiff in error is so far a resident of Illinois as to be subject to garnishment in the courts of that state. (Wells, Jurisdiction, sec. 29; *Hannibal & St. J. R. Co. v. Crane,* 102 Ill., 249; *Burlington & M. R. R. Co. v. Thompson,* 47 Am. Rep. [Kan.], 497; *Connor v. Hanover Ins. Co.,* 28 Fed. Rep., 549; sec. 26, ch. 32, Hurd's Stats., Ill.; *German Bank v. American Fire Ins. Co.,* 50 N. W. Rep. [Ia.], 53; *Mollyneux v. Seymour,* 30 Ga., 440; s. c., 76 Am. Dec., 662.)

*F. I. Foss, contra:*

If it appears that the garnishee has no money or property of the debtor in the state, or that there is no money due from him to be paid therein, he will not be chargeable as garnishee. (*Smith v. Boston, C. & M. R. Co.,* 33 N. H., 342; *Green v. Farmers & Citizens Bank,* 25 Conn., 452; *Taft v. Mills,* 5 R. I., 393; *Tingley v. Bateman,* 10 Mass., 346; *Wright v. Chicago, B. & Q. R. Co.,* 19 Neb., 183.)

MAXWELL, CH. J.

This action was brought in the district court of Saline county by the defendant against the plaintiff to recover $500 for loss upon a policy of insurance issued by the plaintiff. To this the plaintiff in error answered, setting up that it had been garnished in the state of Illinois and the answer of the garnishees sustained. The service in that case on Hettler was by publication. A copy of the opinion of Gary, P. J., is set out in the record. The cause was submitted to the court below on the following

stipulation: "It is hereby stipulated and agreed by and between the parties plaintiff and defendant to this action that the plaintiff was insured by the defendant company, and that the loss occurred as stated in plaintiff's petition, and that the same was adjusted at the sum of $500, and no part of the same has been paid; that the plaintiff is a resident of Saline county, Nebraska, is the head of a family, residing with, and supporting the same, at Crete, Saline county, Nebraska, and has been for the last past five years, and has neither lands, town lots, nor houses subject to exemption as a homestead under the laws of this state; and that the plaintiff in his action has no personal property which would be subject to execution, or which would be exempt to him, except a few articles which would come under section 530 of the Code of Civil Procedure, such as household furniture, which are of but little value; and that the $500 which the plaintiff seeks to have as exempt to him in this action is all the personal property he has. The filing of an inventory as required by law is hereby waived, it being admitted that the $500 is exempt in addition to whatever property the plaintiff may have under the laws of the state of Nebraska; that the defendant company has its headquarters and principal office at St. Louis, Mo., but has a permanent agency at Crete, Saline county, Nebraska, does business there, and is so authorized by the laws of this state, and that said insurance was effected at that agency; that the agent at Crete is and was Jindra & Co., Joseph Jindra being the senior and principal member of that firm. It is also agreed that said defendant company has a general and permanent agency at the city of Chicago, in the state of Illinois, does an insurance business there, and has complied with all the laws of that state in that behalf, and that C. M. Rogers is its duly authorized agent at Chicago, and was such on and prior to the 29th day of May, 1891; that on that date August Beck & Co., a firm residing and doing business at Chicago, aforesaid, commenced an

action by attachment against this plaintiff on an account held
by them against this plaintiff for goods ordered by plaintiff
from them at Chicago and by them sent to plaintiff by
railroad from that place, claiming the sum of $289.21;
that the attachment writ ran against plaintiff as principal
and this defendant as garnishee, and was duly served on
said agent Rogers on said date; that defendant at once no-
tified said Hettler of that fact by mail, and that all subse-
quent proceedings were had thereon as shown by the tran-
script of proceedings filed herewith; that the law and
practice in Illinois is, that on filing of answer by a gar-
nishee the plaintiff in garnishment may accept the answer
as true, and have judgment accordingly, or may except to
(deny) the answer, and thus raise an issue of fact, which
is then tried as other issues of fact, and final judgment en-
tered thereon, upon which execution issues as in other cases
at law; that due publication was made and default en-
tered against Hettler on the 10th day of July, 1891;
that the defendant company answered on the 5th day of
August, stating that it owed Hettler $500, and claimed for
him $400 exemption, that being the amount allowed by
the laws of that state; that Beck & Co. have not elected to
take judgment on said answer nor yet filed any exceptions
thereto but still have time to file the same; that the tran-
script hereto annexed and above referred to shows all the
proceedings had in said matter up to this date, and that
said proceedings are still pending and undetermined in
said superior court, and that court is a court of general
and superior jurisdiction and has full cognizance of said
action and proceedings, and that defendant's answer in
the district court of Saline county, Nebraska, may be so
amended as to state that fact. It is also agreed that the
'Revised Statutes of Illinois,' edition of 1891, by Hurd,
shall be authority for either party in this case, and may be
read from as evidence by either party upon all questions
arising in this case, whether the statute be pleaded or not,

and as fully as if pleaded ; said statute to be marked as defendant's exhibit 'A,' and then be the property of both parties for the purpose of this trial.   All of which is mutually agreed to by

"F. I. Foss,

"*Attorney for Plaintiff.*

"Abbott & Abbott,

"*Attorneys for Defendant.*"

On the trial of the cause in court below, judgment was rendered in favor of Hettler.   The question presented to this court is the jurisdiction of the Illinois court to render judgment against the company.   Garnishment is an attachment by means of which money or property of a debtor in the hands of third parties, which cannot be levied upon, may be subjected to the payment of the creditor's claim.   To subject the property to attachment it must be within the jurisdiction of the court; otherwise, it would be powerless to condemn it, order a sale, and apply the proceeds to the payment of the judgment in favor of the creditor.   This question was fully considered in *Mathews v. Smith*, 13 Neb., 178, and *Wright v. Chicago, B. & Q. R. Co.*, 19 Id., 175.   In the latter case it was held that a foreign corporation, having no property of the debtor in this state, nor owing money payable to him therein, was not subject to garnishment in this state.   The same doctrine was approved in *Turner v. Sioux City & P. R. Co.*, 19 Neb., 241. It nowhere appears in the record that the insurance company had any money or effects of the defendant in error in Chicago.   It is true it was indebted to him in the sum of $500 for losses sustained by fire, but the losses had occurred in this state and the money was payable here.   An officer with a writ of attachment and notice of garnishment in Saline county could receive the money.   This an officer in Chicago could not do.   Gary, P. J., says " that the construction of the law given by that court might subject the plaintiff to the payment of the debt twice."   With due re-

spect to that honored judge, it seems to the writer that such a construction is abhorrent to our sense of justice. By what right do the courts—the conservators of rights— sanction the double payment of a debt and indifferently fold their arms and say in effect 'that "it is none of our business." It is the business of the courts to administer justice as far as possible and protect and enforce the rights of every one. The amount involved in this case is but a few hundred dollars, but the principle, if once established, will apply to all claims, even if they amount to tens of thousands or millions of dollars; and if a company may be robbed of a few hundred dollars, why may it not be of thousands, if the occasion arise, and the company thereby be rendered bankrupt. It is true the insurance company has many agencies for the transaction of its business. These are necessary to enable it to procure risks. It is true also that it is indebted to the defendant in error; and as the loss has been adjusted it is ready to pay the same where the contract requires it to be paid,—at Crete. The case, in some respects, resembles that of a note payable at a particular place, as the State Bank of Crete. In order to charge an indorser, demand of payment must be made at the place designated. If no place is named, then it should be made where the note was given and the maker has his home or place of business. (Daniel, Neg. Inst., sec. 635.) Suppose the company had given a note payable at the State Bank of Crete, Nebraska. Would demand at a bank in Chicago, or at any point except that designated, have been sufficient? So here there is an agreement to pay at the residence of the insured; and garnishment proceedings will not lie at any other point. The case of *Hamilton v. Plumer*, 34 N. W. Rep. [Mich.], 278, is similar in some respects to the one at bar, and it was held that the garnishment in Michigan of a debt payable in New Mexico was a nullity. In a case of this kind the remedy is simply to require the proceedings to be insti-

tuted where the debt is payable or the property delivered, and it can be instituted nowhere else.   The Illinois court, therefore, had no jurisdiction and the judgment is

AFFIRMED.

THE other judges concur.