EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES,
JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BU-
CHANAN, JAMES .F. FIELDER, ALONZO CHURCH,
ROBERT H. INGERSOLL AND JOHN BENTLEY,
VICE-CHANCELLORS.

JOSEPH CLINTON EDWARDS, complainant,

*v.*

JOSEPH STEIN et al., defendants.

[Decided January 3d, 1923.]

1. As a purchaser at a judicial sale, not a party to the suit, is made such by his purchase so far as questions arising from the sale are concerned, so also an assignee from him, mediately or immediately, thereby becomes a party for the same purpose, and is entitled to intervene without special application to be made a party to the suit.

2. The sergeant-at-arms of the district court of Atlantic City, on a sale under an execution out of that court at the suit of E. L. J. against J. C. E., made a bill of sale to W. L. J., his executors, administrators and assigns, of a decree in chancery obtained by said J. C. E. against J. S. in the above case, and W. L. J. assigned that decree, so purchased by him at said sale, to W. I. S., who has requested the clerk in chancery to enter an acknowledgment of satisfaction upon the record of the decree, delivering to him a warrant in writing therefor. W. I. S. relies upon the supplement to the act respecting executions (*P. L. 1915 p. 182*), which provides, *inter alia*, that *rights and credits* of a defendant in execution *may be levied upon, taken and sold*, by virtue of such a writ; and that the term *rights and credits* includes all such as *may be attached, by writ of attachment* against non-resident debtors, and that such rights and credits shall be *levied upon and taken in the manner in which property is attached under writs of attachment*, and no sale shall be made of such rights and credits, unless by leave of the court or a judge.—*Held*, the clerk in chancery, when requested to mark a decree "satisfied" by an assignee of the same, must be assured that it has been lawfully assigned, and he is entitled to be directed to do so by order of the court, to the end that he may be afforded plenary protection with respect to the discharge of such an unusual and extraordinary duty. Except in the performance of merely routine duties, such as filing and docketing papers, enrolling proceedings and decrees, making certified copies, &c., the clerk is entitled for his protection to an order directing him.

3. In the bill of sale from the sergeant-at-arms to W. L. J. it does not appear that any levy was made or attempted to be made upon the decree in chancery, nor could any have been made except under section 2 of *P. L. 1915 p. 182*. The Attachment act (*Comp. Stat. p. 137 § 7*) prescribes the mode of executing a writ of attachment, in pursuance of which the officer must go to the garnishee and give him notice.

4. A garnishee is one who has property or money in his possession belonging to a defendant; and is so called because he has warning or notice of the attachment.

5. Besides notice to the garnishee, notice must be given to the debtor in an attachment suit, to the end that he may have an opportunity to appear and defend himself; and while it does not appear that all of the proceedings requisite to obtaining judgment in attachment against a debtor whose rights and credits have been levied on under an execution out of a court of law, in virtue of *P. L. 1915 p. 182*, have to be taken in order to subject those rights and credits to sale under execution, pursuant to the statute, nevertheless, the owner of such rights and credits is entitled to notice of their seizure through levy or attachment, so that he may take proceedings and have an opportunity to show either that such rights and credits were not the subject of levy at all or that the levy was irregularly and unlawfully made, &c., so that, if levy be properly made on such rights and credits as could be lawfully, sold, their owner, the judgment debtor, having notice, would have an .opportunity to protect himself at the sale.

Not only that but the necessity for notice arises upon the face of the supplement to the act concerning executions. For it is therein provided in section 10 that after rights and credits shall have been levied upon and taken, then, upon application of the plaintiff or defendant (and the defendant here was J. C. E., whose decree was attempted to be sold away from him apparently without notice), a judge of the court out of which the execution issued may in his discretion appoint a receiver of the same (rights and credits). It is made the duty of such a receiver to liquidate the same by collection or otherwise, and after paying the amount due on the execution to pay the balance into court. J. C. E. was presumably deprived of his right to apply for a receiver to protect his rights in and to his decree, for want of notice of the levy on and proceedings to sell it under the district court execution.

6. District courts are special statutory tribunals, whose procedure is prescribed by act of the legislature, and they are given power to enforce their judgments by executions, and they are also given the power to issue writs of attachment and enforce them by judgments, &c., and those proceedings are to be strictly pursued in such courts in accordance with their own statutory provisions. *Quære:* Does *P. L. 1915 p. 182,* which is a supplement to the act respecting executions (and a supplement is a mere addition to an original act), apply to district courts?

7. Neither a decree in chancery nor judgment at law nor money *due* on such a decree or judgment is subject to attachment; but moneys in the hands of a sheriff *raised* in pursuance of such a decree or judgment, or paid into court on behalf of a party to a suit, are liable to attachment.

8. (1) Because it does not appear that the requisite proceedings were taken to authorize and empower the sergeant-at-arms of the district court to sell the chancery decree, and (2) because a decree in chancery is not subject to levy and attachment in satisfaction of an execution, the clerk in chancery will be directed not to satisfy the decree herein, but to return the warrant or satisfaction piece to the applicant.

---

On application to mark decree satisfied.

*Mr. Albert C. Abbott,* for the application.

WALKER, CHANCELLOR.

The complainant, Joseph Clinton Edwards, on January 19th, 1920, obtained a final decree in the above-stated cause against the defendant Joseph Stein for the sum of $8,724.37, together with costs, &c., which decree was filed January 29th, 1920, as by the record appears. On February 16th, 1921,

Enoch L. Johnson recovered a judgment against Joseph Clinton Edwards, the above-named complainant, in the district court of Atlantic City for $323.54. The clerk in chancery has been handed a warrant of satisfaction of the decree above mentioned, made by William I. Segal, which warrant recites the making and filing of the decree; that it was sold, assigned and transferred on May 31st, 1922, by the sergeant-at-arms of the district court of Atlantic City, by virtue of a sale under execution issued out of the Atlantic City district court, on the judgment above mentioned, to W. Lindley Jeffers, who, by bill of sale of August 26th, 1922, sold, assigned and transferred the decree so purchased by him, to William I. Segal, who has received satisfaction for the same and desires and authorizes the clerk to enter an acknowledgment of satisfaction upon the record, the signed warrant being a discharge in that behalf.

As a purchaser at a judicial sale, not a party to the suit, is made one by the purchase so far as questions arising from the sale are concerned (*Collins* v. *Kiederling, 87 N. J. Eq. 12*), so an assignee from him, mediately or immediately, thereby becomes a party for the same purpose, and is entitled to intervene without special application to be made a party to the suit.

The clerk in chancery having sought the advice and direction of the court with reference to his duty in the premises, Segal now moves that the clerk be directed to enter satisfaction of record.

The applicant relies upon the supplement to the act respecting executions (*P. L. 1915 p. 182*), which provides, *inter alia,* that rights and credits of a defendant in execution may be levied upon, taken and sold, by virtue of the writ; and that the term "rights and credits" includes all rights and credits which may be attached by writ of attachment against non-resident debtors, and includes rights and credits of an equitable nature; that such rights and credits shall be *levied* upon and taken in the manner in which property is *attached* under writs of attachment, and no sale shall be made of such rights and credits unless by leave of the court or a judge.

Now, the clerk is requested by the present assignee of the purchaser of the decree to enter an acknowledgment of satisfaction upon the record of the decree in this case, and for his protection he must be assured that the decree has been lawfully assigned; and, when the warrant of satisfaction does not emanate from the complainant who obtained the decree, but from one who has obtained an assignment in or through legal proceedings, the clerk is entitled to an order of the court to mark the decree satisfied, if he is to act in execution of the warrant, to the end that he may be afforded plenary protection. Except in the performance of merely routine duties, such as filing and docketing papers, enrolling proceedings and decrees, making certified copies, &c., the clerk is entitled, for his protection, to an order directing him, and this in such cases as paying out moneys from the depository of this court, &c., including the marking of decrees satisfied, at least where there is anything of an extraordinary character on the face of the papers, as in this case.

The applicant has submitted the bill of sale of the decree made by the sergeant-at-arms of the district court. It recites that a certain execution issued out of the district court of Atlantic City, directed to him, the sergeant-at-arms, commanding him to levy and make of the goods and chattels of Joseph Clinton Edwards, the sum of, &c., by the judgment of that court rendered against Edwards; and that to the end that the sale of the goods and chattels should be made, he, the sergeant-at-arms, by public advertisement set up at three or more public places in Atlantic City, "to wit, one each at (*blank*)," which notice stated that the goods and chattels of the defendant, Edwards, would be exposed to sale at public vendue, &c.; and at the time and place appointed and advertised, he openly and publicly struck off and sold the final decree in this cause to W. Lindley Jeffers, the highest bidder for the same, giving no notice that the same, as a right and credit, would be offered for sale. In other words, there appears to have been no notice that the decree would be offered for sale under the execution. The bill of sale then proceeds to acknowledge the receipt of $50, the purchase price, and, in form, grants, bargains, sells.

assigns, transfers and conveys to Jeffers, his executors, administrators and assigns, the above-described property (decree) to have and to hold, &c.

Levy upon goods under an execution is a prerequisite to the advertising and sale of them by the sheriff or other officer.

Now, in the bill of sale from the sergeant-at-arms to Jeffers it does not appear that any levy was made or attempted to be made upon the decree in chancery, nor could a levy have been made except under section 2 of the supplement mentioned, wherein it is provided that the term "rights and credits" includes all those *which may be attached* by writ of attachment against non-resident debtors, and such rights and credits shall be *levied upon and taken* in the manner in which property is attached under writs of attachment.

The Attachment act (*Comp. Stat. p. 137 § 7*) prescribes the mode of executing a writ of attachment. It is, so far as pertinent, by the officer going to the person or house of the person having the custody or possession of the defendant's property, and in the presence of at least one credible person then and there declaring that he attaches the rights and credits, &c., of the defendant, and, with the assistance of a discreet and impartial freeholder, making a just and true inventory. This is the "levy" meant by the supplement to the Execution act provided for in the case of "rights and credits." In attaching rights and credits the officer must go to the garnishee and give him notice of the attachment. *Tomlinson v. Stiles, 29 N. J. Law 426.* A garnishee is one who has property or money in his possession belonging to a defendant; and he is so called because he has had warning or notice of the attachment. *Bouv. Law Dic.* (*Rawle's rev.*) *870.*

This is not all. The owner of the goods must have an opportunity to be heard and to contest the plaintiff's action in seeking to subject his rights and credits to sale. The Attachment act, in section 20, provides that after the return of the writ an order shall be made for publication of notice of the attachment in a newspaper or newspapers, and judgment shall not be entered until proof be made of such publication. And section 16 provides that any defendant in attachment

may at any time before judgment enter his appearance in the clerk's book and give notice of his willingness to accept a declaration in the suit, whereby it shall proceed in all respects as if commenced by summons, &c. Now, this is a provision that the owner of rights and credits shall have an opportunity to protect himself, and, if possible, to save his property. To wrest it from him without affording him such opportunity would be to take his property without due process of law. I do not say that all of the proceedings requisite to obtaining a judgment in attachment against a debtor whose rights and credits have been levied on under an execution out of a court of law, in order to subject those rights and credits to sale under the statute, would have to be taken. Nor am I called upon to decide that question. But I do hold that the owner of "rights and credits" is entitled to notice of their seizure through levy or attachment, so that he could take an appropriate proceeding to show either that such rights and credits, as, for instance, a decree of a court of equity or judgment at law, were not the subject of levy at all, or that the levy was irregularly and unlawfully made, or what not. If, however, the levy or attachment were properly made on such rights and credits as could be lawfully sold, the judgment debtor who owned the rights and credits, by reason of having notice, would have an opportunity to see that securities of value were not sacrificed for inadequate consideration; in other words, he would at least have an opportunity to protect himself at the sale. Not only that but the necessity for notice arises upon the face of the supplement to the act concerning executions. For it is therein provided, in section 10, that after rights and credits shall have been levied upon and taken, then, upon application of the plaintiff or defendant (and the defendant here was Edwards, whose decree was attempted to be sold away from him apparently without notice), a judge of the court out of which execution issued may in his discretion appoint a receiver of the same (rights and credits). It is made the duty of such receiver to liquidate the same by collection or otherwise, and after paying the amount due on the execution to pay the balance into court. • Edwards was presumably deprived

17

of his right to apply for a receiver to protect his rights in and to his decree, for want of notice of the levy on and proceedings to sell it under the district court execution.

Of course, no real injustice may be done to Edwards. He may have had knowledge and his decree may be practically worthless, but that does not appear, as it is not shown that there was any levy on the decree through proceedings tantamount to an attachment or otherwise, or any leave of the district court obtained for the sale of the decree. But this is not all, for, by reason of what is now to be stated, the attempted sale of the decree is void for another and a fundamental reason

There are sections in the act respecting executions which by their terms apply to those writs out of any court, such as section 10, which provides for exemption of personal property to certain debtors, or where district courts are specially mentioned, as in section 23, compelling discovery. The district courts are special statutory tribunals whose procedure is prescribed by act of the legislature, and as those tribunals are given power to enforce their judgments by executions and are also given power to issue writs of attachment and enforce them by judgments, &c., those proceedings are to be strictly pursued in such courts in accordance with their own statutory provisions. The act concerning executions existed long prior to the establishment of district courts and was and is regulative of the practice on writs of execution issuing out of courts of general jurisdiction whose procedure is according to the course of the common law, except where by its terms it may extend to executions issued out of any statutory tribunal, the act creating which does not legislate on the particular subject or subdivision thereof. As already stated, the act of 1915 is a supplement to the act respecting executions, and a supplement is a mere addition to the original act. See *Bradley, &c., Co.* v. *Loving, 54 N. J. Law 227*, in which Chief-Justice Beasley observed (at *p. 228*) that supplements to laws from their very nature are designed as complements to their antecedents—the original acts. It is true that the Practice act applies to district courts, but only in a limited way, and

that by virtue of section 68 of the Practice act itself. *2 Comp. Stat. p. 1977.* See *Rossi* v. *Benedict, 118 Atl. Rep. 713.* It is unnecessary to decide whether the supplement to the Executions act of 1915 applies to district courts, because, even if it does, the requisite proceedings for the sale of the decree in chancery in this cause were not taken, and, for that reason alone, the sale is void.

Quite aside, however, from any non-applicability of the Execution act, original and supplemental, to the district courts, the attempted sale of the decree in this cause is devoid of effect. While the District Court act provides for the issuance and execution of attachments in substantially the same manner as in the act for the issuance of such writs out of superior courts of common law jurisdiction, nevertheless, no proceeding required in an attachment case appears to have been taken, nor any leave obtained from the district court to sell the decree. This provision in the statute seems to be meant to protect the defendant from the loss of a valuable right and credit by requiring leave of the court to authorize its sale, which doubtless the judge would not give unless he was shown that the defendant had notice so that he could protect himself at the sale. In this case it is not shown that any service of the writ of execution, which, in effect, would be a levy, has been made; and how could it have been made on the clerk in chancery at Trenton, the custodian of the filed decree, and the record thereof, as garnishee, by the sergeant-at-arms of the Atlantic City district court? I assume that the clerk in chancery would be the garnishee in a case where the decree itself was actually to be levied upon, while the defendant in the decree, owing the money due under it, would be the garnishee if the money so due were attempted to be levied on.

While the proceedings under the execution out of the Atlantic City district court might be shown to this court by amendment, according to the fact, nevertheless, from what has preceded and what is now about to be mentioned, the sale of the decree is totally devoid of legal foundation.

Only rights and credits which are *subject to attachment* may be sold under the act in question. It so provides in express terms. Now, money due on a decree in chancery is not the subject of an attachment. *Black* v. *Black, 32 N. J. Eq. 74, 75.* In *Conover* v. *Ruckman, 32 N. J. Eq. 685,* Vice-Chancellor Van Fleet remarked (at *p. 687*) that this court had recently held that money due on a decree is not the subject of attachment, citing *Black* v. *Black, supra.* The court of errors and appeals, in reversing this decree (*S. C., 33 N. J. Eq. 303*), held that *moneys in the hands of a sheriff raised by him in pursuance of a decree of this court are liable to seizure by virtue of a writ of attachment;* and Chancellor Runyon, in another case between the same parties (*Conover* v. *Ruckman, 34 N. J. Eq. 293,* at *p. 295*), observed that that was the only question decided on the appeal, namely, that money raised on an execution in pursuance of a decree was attachable.

The court of errors and appeals' decision in *Conover* v. *Ruckman, 33 N. J. Eq. 303,* has made and settled the law of this state upon this subject. Mr. Justice Depue, afterwards chief-justice, speaking for the court, said (at *p. 310*) that in *Black* v. *Black, 32 N. J. Eq. 74,* the writ of attachment was served on the defendant in a chancery suit against whom there was a money decree in favor of the defendant in the attachment, and that service of the writ in that manner directly interfered with the power of the court of chancery to carry into effect one of its own decrees, and the service was declared inefficacious. And (at *p. 311*) it was held that service of a writ of attachment by the sheriff having the money in hand will have no greater tendency to create embarrassments or interfere with the proceedings on a decree in chancery than a judgment at law, there being no material difference in the nature of either adjudication. Later, Vice-Chancellor Bird, in *Trotter* v. *Lehigh Zinc and Iron Co., 41 N. J. Eq. 229.* held that money paid into court on behalf of a party to a suit was liable to attachment; and the decree was affirmed on his opinion. *S. C., 42 N. J. Eq. 456.* In another

case of *Conover* v. *Ruckman, 36 N. J. Eq. 493,* Vice-Chancellor Bird held that the writ of attachment may be lawfully served on an officer holding moneys arising from a sale pursuant to a decree of this court, as was settled in the case of *Conover* v. *Ruckman, 33 N. J. Eq. 303.*

The reason given in the cases why decrees and judgments are not in and of themselves subject to attachment is that thereby the control of the courts over their own processes would be interfered with and the administration of justice embarrassed. Chief-Justice Green, in *Shinn* v. *Zimmerman, 23 N. J. Law 150* (at *p. 152*), said that there are cogent considerations founded both on the due administration of justice and on the protection of the rights of the debtor and garnishee, against the liability to attachment of judgment debts; that the garnishee's property is liable to immediate seizure and sale under the execution upon the judgment, while at the same time he is made liable for the amount of the judgment to the attaching creditor.

For the reasons above set out, namely (1), that it does not appear that the requisite proceedings were taken to authorize and empower the sergeant-at-arms of the district court to sell the chancery decree, and (2) because a decree in chancery is not subject to levy and attachment in satisfaction of an execution, the clerk in chancery will be advised that he has no power to enter satisfaction on the record of the decree in question, and he will be directed to refrain from so doing, and to return to the applicant's solicitor the warrant of satisfaction and other papers delivered to him in this matter.