A. E. VANBURG, APPELLEE, V. G. H. MAUEL, APPELLANT.

FILED NOVEMBER 6, 1936. No. 29726.

*Schlytern & Kelly,* for appellant.

*Bruce Fullerton, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

DAY, J.

The plaintiff commenced this suit upon a promissory note and caused an attachment to be issued. Under a garnishment, money was reached in the Farmers State Bank of Davey. The garnishee answered that it had $144.05, which belonged to the defendant. The parties agreed that $110 was to be paid into court and the remainder released to the defendant. It was the conclusion that $110 was an amount ample to pay the judgment and costs if one was procured.

Thereafter, the defendant filed an application for a change of venue to the municipal court of the city of Lincoln, which was granted. The defendant then filed a motion to quash the attachment for the reason that no bond was given prior to the issuance thereof as provided by law. The bond upon which the attachment was issued was signed only by the plaintiff.

The grounds for the attachment were all those provided by statute except that defendant was not a foreign corporation or a nonresident. Except where the ground of attachment is that the defendant is a foreign corporation or a nonresident of the state, no order of attachment shall be issued until an undertaking is filed and approved with one or more sufficient sureties to the effect that plaintiff will

pay defendant all damages resulting from a wrongful attachment. Comp. St. 1929, sec. 20-1003.

No sureties signed an undertaking in this case, and the attachment should not have been issued. The municipal court sustained the motion to quash the attachment.

There is no serious contention at this time that there was a sufficient bond. There was much legalistic sparring in an attempt to amend the purported bond and to show that no bond was approved prior to the issuance of the writ of attachment.

However, it is established by the record that the money was paid into court by agreement for a consideration which was that the remainder be immediately released to defendant. A defendant who fails to assail the validity of an attachment, but for a consideration agrees that money in possession of a garnishee be paid into court to abide the judgment, ratifies and confirms such attachment proceedings. *Mosher v. Beselin,* 129 Neb. 541, 261 N. W. 126; *Eiseley v. Norfolk Nat. Bank,* 89 Neb. 382, 131 N. W. 608.

The judgment of the district court following this rule was the correct one.

AFFIRMED.