First Judicial District Court of Somerset County..

KYLE A. LUNGER, PLAINTIFF, v. RICHARD M. PAGE, EX-ECUTOR OF THE ESTATE OF WILLIAM H. PAGE, DE-CEASED, DEFENDANT.

Decided November 23, 1938.

For the plaintiff, *Charles Howard.*

For the defendant, *Bowers & Rinehart.*

POPE, D. C. J. The executor of the estate of William H. Page, deceased, was permitted to enter a special appearance for the sole purpose of making this motion to quash a writ of attachment and all proceedings thereunder. The undisputed facts submitted to the court are that in October, 1935, William H. Page, a resident of New York City, departed this life leaving a last will and testament, in and by which he nominated Richard M. Page as executor, who qualified before the surrogate of New York county on October 17th, 1935, and that an exemplified copy of the will and letters are on file in Somerset county surrogate's office.

William H. Page was a former resident of Somerset county and owned considerable property here at the time of his death but which is heavily encumbered.

At the time of his decease, William H. Page was indebted to Kyle A. Lunger, in the sum of $277.09, which debt is not disputed, but in fact has been recognized by the executor who is willing to pay it as soon as assets are available. The financial condition of the estate is somewhat involved and although some time has elapsed, the executor has not yet been able to determine if the estate is insolvent and no proceedings have

been taken in that respect. On August 22d, this year, the executor held a public sale of personal property at the Far Hills estate for the purpose of raising moneys to be used to pay carrying charges on the real estate which comprise the main assets of the estate. It is stated that the estate is being liquidated as rapidly as circumstances will permit.

Under the writ the proceeds of this sale were attached which levy gives rise to this motion.

The reasons assigned is that the court is without jurisdiction and that there is no authority in the District Court act for process by way of a writ of attachment against a non-resident executor.

I am unable to find any provision in the District Court act or in any supplement or amendment thereto which authorizes the issuance of a writ of attachment against a non-resident executor nor has counsel been able to direct attention to any such legislative provision.

That the provisions of the District Court act relating to attachments provides a distinct mode of procedure and specifically prescribes and limits the jurisdiction of the court is beyond question. The cases of *Muller* v. *Leeds,* 52 *N. J. L.* 366; 19 *Atl. Rep.* 261, and *Connelly* v. *Lerche,* 56 *N. J. L.* 95; 28 *Atl. Rep.* 430, hold that an attachment cannot be issued against executors or administrators except in the case of joint debtors.

"The remedy of creditor by attachment is obviously inconsistent with the usual and orderly administration of the assets of an estate, and is not, in the absence of express statutory authorization available against an executor or administrator with respect to a demand against the estate of the decedent." 6 *C. J.* 41.

This rule is recognized in the Lerche case, *supra* (at *p.* 99). There the learned justice states:

"This writ should be quashed as issued against an executor. It has been held that an attachment under our statute is a proceeding *in rem* and obviously inconsistent with the law of administration of estates as established in this state, and that therefore a court will quash a writ of attachment against an executor in such a case as here presented."

The writ of attachment will be quashed and all proceedings thereunder vacated.

Upon the argument of this motion counsel for Kyle A. Lunger submitted an application to transfer the cause to the Court of Common Pleas of the county of Somerset under chapter 163 of the laws of 1936 (page 386), (*R. S.* 2 :26-60 and 26-61), which provides:

"No cause or matter which is now pending or shall hereafter be pending, in any court mentioned in the above title, which has not jurisdiction of the subject-matter, either in the original suit or on appeal, shall be dismissed for that cause only, but the cause or matter shall be transferred with the record thereof and all papers filed in the cause for hearing and determination to the proper court, which shall thereupon proceed therein, as if the cause or matter has been originally commenced in that court. The record shall, when necessary, include a transcript of all entries and proceedings in the cause."

The case of *Commonwealth Roofing Co.* v. *Michael Riccio,* 81 *N. J. Eq.* 315; 88 *Atl. Rep.* 385, and *Vaux* v. *Vaux,* 115 *N. J. Eq.* 586; 172 *Atl. Rep.* 68, are cited in support of this motion to transfer. Obviously the first case cited lends no support whatever to this motion, that case merely holds that where jurisdiction of the subject-matter is not exclusive, it will not be exercised if the recovery at law is full, plain and adequate, unless there are some features of the case which make it more appropriate for a court of equity than for a court of law.

The Vaux case was a suit commenced by a writ of attachment out of the Circuit Court at the suit of a wife against her husband which was transferred under the statute by the Circuit Court to the Court of Chancery because it was without jurisdiction. Obviously, the Circuit Court was without jurisdiction because it was a suit between husband and wife which the Circuit Court could not entertain. It will be noted that the vice-chancellor holds in that case that the Circuit Court being a court of general jurisdiction at law (at *p.* 588), "the issuance of the attachment was not a usurpation of power by the Circuit Court and that the writ was not void, and this

being so, the writ had the effect given it by the statute and was a lien on the defendant's land. Indeed, if the writ was void, no action was commenced thereby and there was no cause pending in the Circuit Court which could be transferred to Chancery." Citing *Hermann* v. *Mexican Petroleum Corp.,* 85 *N. J. Eq.* 367; 95 *Atl. Rep.* 492.

District Courts are not courts of general jurisdiction at law. Their jurisdiction is limited and prescribed by statute. As I have already shown above, this court had no power to issue the writ of attachment. The writ being void from the beginning this court acquired no jurisdiction whatever either over the parties or the *res* and the writ and all proceedings thereunder were *coram non judice.* Under the Transfer of Causes act it is only when there is an action "pending" and the court "is without jurisdiction of the subject-matter," that the District Court may transfer the cause to an appropriate tribunal.

Since the writ of attachment was void and without any legal force whatever, it failed entirely to introduce into this court a cause of action and for that reason there is no cause "pending." It is well settled that jurisdiction of a court over parties or a *res* can be acquired only by the issuance and service of a legal and valid writ or in some intsances, by consent of the parties. It is quite clear that there is nothing for me to transfer to the Court of Common Pleas.

Under the statute referred to, the power to transfer is also limited to cases in which this court is without jurisdiction "of the subject-matter." The subject-matter in this case is a debt of $277.09 for work done and services rendered.

It is, therefore, apparent that if the parties were properly before the court, that this court would have full and complete jurisdiction over "the subject-matter."

The application to transfer the cause will have to be denied for the reasons stated.

An order quashing the writ of attachment and all proceedings thereunder may be presented. The order should also embody the refusal of the court to transfer the cause to the Common Pleas as counsel has expressed a desire to appeal from the conclusions herein expressed.