# KILLEN *v.* AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

[No. 182, September Term, 1963.]

106

*Decided March 15, 1963.*

The cause was submitted on the brief to HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted by *Ewing C. Whitaker* for appellant.

Submitted by *James F. Couch, Jr.,* and *Couch, Blackwell &
Miller* for appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellant disputes the correctness of the trial court's
granting a motion of a garnishee, American Casualty Com-
pany, for summary judgment in its behalf on the grounds there
was no genuine dispute as to any material fact, and that the
garnishee was entitled to judgment as a matter of law. This is
the only question presented in the appeal.

The facts are somewhat unusual. In November, 1960, the ap-
pellant obtained a judgment (in Law No. 10,852) in the Cir-
cuit Court for Prince George's County, against George Wash-
ington Cemetery, Inc. Subsequently, he, as attaching judgment
creditor, *inter alia,* directed the clerk of the court in Prince
George's County to issue a writ of attachment on said judg-
ment, pursuant to Maryland Rule 622 h (1958 Ed.), and to
make the writ returnable to the Superior Court of Baltimore
City, to be served on American, garnishee, by leaving a copy
in the hands of the State Insurance Commissioner (Code
[1957], Article 48A, § 33). The clerk prepared the writ, and
pursuant to Rule 622 h sent a certified copy of the docket en-
tries in Law No. 10,852 to the Superior Court of Baltimore
City. The clerk also docketed a new case, Law No. 14,817, in
Prince George's County.[1]

After service and return by the sheriff of Baltimore, Ameri-
can filed identical answers in the case pending in the Superior
Court and in the new case (No. 14,817) in Prince George's
County. The answers admitted that American had written an
injunction bond on behalf of George Washington and two other

---

1. The record in this case contains, among other things, the or-
der for the writ of attachment on judgment, a docket entry show-
ing that a writ of attachment had issued, a consent by the appel-
lant to an extension of time for American to file "a responsive
pleading to the attachment laid on [American]" by the appellant,
and other matters which will be mentioned in the statement of
facts.

principals for the sole protection of one Albert F. Hauser, a defendant in Equity No. B-3989 in Prince George's County in which case the bond was filed, for any loss he might sustain by reason of the issuance of an injunction; and stated that was the only "credit" of George Washington held by American, therefore American had no liability to the appellant. The appellant then filed, in the Superior Court and also in the Circuit Court for Prince George's County, a demand on American to produce the bond. American complied by filing photostatic copies in both courts.

Thereafter, appellant filed a "replication" and a "request for admission of facts" (which was complied with) in the Superior Court, only. He also filed a motion *ne recipiatur* in the case in Prince George's County. American filed a motion for a summary judgment in the case in Prince George's County on the ground that there was no genuine dispute as to any material fact. The appellant answered the motion and denied there was no dispute as to any material fact, but failed to state what material facts were disputed. In none of the papers that he filed in the case in Prince George's County did he deny the jurisdiction of the court. The appellant did not, and does not now, claim that American had any goods, chattels, credits or assets of George Washington, other than the bond (if that can come within the purview of any of the aforementioned terms). An examination of the bond, produced at appellant's request, bears out the interpretation afforded it in American's answer, mentioned above.

The appellant argues that the Circuit Court of Prince George's County had no jurisdiction to entertain the motion for a summary judgment. The question gives us little difficulty. An attachment on judgment is a mode of execution and its office is essentially the same as that of a *fi fa*. Hodge & McLane, *Law of Attachment,* § 251; Rule 623 a. Cf. Rule 622 h 4. But it is well recognized that even a court of general jurisdiction acts under a special and limited authority in attachment proceedings. *Cole v. Randall Park Holding Co.,* 201 Md. 616, 95 A. 2d 273; Hodge & McLane, *op. cit.,* § 11; 6 Am. Jur. 2d, *Attachment and Garnishment,* § 13. However, such courts find ample authority in our statutes, Code (1957), Article 9, and

the rules of court, Rules 622 and 623, to entertain attachment proceedings.

The Circuit Court for Prince George's County is such a court, and it hears and disposes of attachment cases regularly. The original judgment, upon which the attachment issued, was obtained and is recorded in that court. The principle that parties cannot confer jurisdiction, in its fundamental sense, upon a court is widely acknowledged and generally accepted. But where a court of general jurisdiction has jurisdiction over the subject matter of litigation and also the parties, it, ordinarily, has the power to decide the issues in dispute between those parties.

After the clerk had inadvertently docketed the instant case, the plaintiff *consented* to an extension of time for the garnishee to plead. The garnishee, on January 17, 1961, "answered," setting forth the only thing which it held that might be considered a "credit" or "asset" of George Washington, the defendant, and, at the same time, it denied that it or George Washington had any liability to the plaintiff as a result of the bond. This gave the court jurisdiction over the garnishee (Maryland Rule 124 a 1 [1958 Ed.]). And no question of prejudice to the defendant was presented, since the defendant's original liability to the plaintiff was conclusively decided by the judgment, and his liability to the plaintiff, as a result of the bond, was denied, and the denial was sustained by the court. Thereafter, the plaintiff filed a formal demand that the garnishee file "in these proceedings" the bond or a true copy thereof, which was done. When the copy was produced as a result of the plaintiff's demand and the garnishee's answer, it gave the court jurisdiction over the bond, at least as far as the rights of the plaintiff and garnishee thereunder were concerned. Thereafter on April 25, 1962, when the plaintiff filed an answer to the motion for summary judgment, after having filed the consent to an extension of time to plead, a demand to produce the bond and a motion *ne recipiatur,* he was clearly under the jurisdiction of the court. Rule 124 a 1 (1958 Ed.) ; Rules 5 v, 124 a 1 (1961 Ed.) ; *McCormick v. Church,* 219 Md. 422, 429, 149 A. 2d 768; 5 Am. Jur. 2d, *Appearance,* §§ 14, 16. "A person who denies that a court has jurisdiction and asks relief on that ground cannot ask

anything of the court which is inconsistent with the want of such jurisdiction." *McCormick v. Church, supra.*

The appellant also contends that the trial court was in error in granting judgment because no return had been made to the writ. It was held in *De Bearn v. De Bearn,* 119 Md. 418, 428, 86 A. 1049, that where the garnishee voluntarily filed a list of securities, with their names and numbers, etc., the securities could be taken and condemned without actual seizure. Here, the garnishee brought in the only "asset" it had of George Washington's. And, of course, the summary judgment rendered herein does not prevent additional attachments on the original judgment of the appellant against George Washington. Rule 622 e. We hold that the Circuit Court for Prince George's County had jurisdiction over the subject matter of the litigation, the plaintiff and the garnishee, and no rights of defendant were, or could have been, prejudiced; hence the court was correct in entertaining the motion for a summary judgment.

In determining whether the garnishee was entitled to judgment as a matter of law, it will be unnecessary to set forth the provisions of the bond in detail. As stated above, it was an injunction bond issued at the request of George Washington and others in an equity case, wherein the plaintiff here was not a party, for the sole protection of one Albert F. Hauser. The appellant, in this Court, does not even argue that he is entitled to any relief by reason of the bond, the only "credit" of the defendant here involved, but contents himself with the argument relative to jurisdiction. The trial judge, we think, properly granted the motion for summary judgment.

*Judgment affirmed, with costs.*