INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, APPELLANT, v. MAXIM'S OF NEBRASKA, A CORPORATION, APPELLEE.

132 N. W. 2d 885

Filed February 5, 1965. No. 35826.

Haney, Walsh & Wall, for appellant.

Monsky, Grodinsky, Good & Cohen, Gross, Welch, Vinardi, Kauffman & Schatz, Gaines, Spittler, Neely, Otis & Moore, and Allen Jay Garfinckle, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

Plaintiff appeals from an order quashing a garnishment before judgment against Fireman's Fund Insurance Company, a corporation. The defendant, Maxim's of Nebraska, is a domestic Nebraska corporation. Plaintiff filed the affidavit required by section 25-1010, R. R. S. 1943. This affidavit contained the necessary allegations of an an affidavit of attachment as provided for by section 25-1001, R. R. S. 1943. The plaintiff filed no bond to protect against wrongful attachment as required

by section 25-1003, R. R. S. 1943. Plaintiff says that no bond is required because section 25-1010, R. R. S. 1943, does not specifically require it, that this statute stands by itself, and that compliance with the one requirement of an affidavit is sufficient. We do not agree.

Garnishment procedure provided for in section 25-1010, R. R. S. 1943, is not independent from the other sections of the attachment statute. By its terms it must contain the necessary allegations of an affidavit of attachment, "and in addition that the plaintiff has good reason to and does believe that any person, * * * has property of the defendant, describing the same, in his possession, * * *." Garnishment is a method of attachment designed to reach property of the defendant in the possession of a third party who is designated by the statute as a "garnishee." It seems clear that the affidavit required by the statute is simply a further and additional requirement, designed for the purpose of reaching property in the hands of third parties. Sections 25-1004 to 25-1041, R. R. S. 1943, in which the statute in question is included, comprise a comprehensive act governing general attachment and regulate attachments before judgment. Section 25-1055, R. R. S. 1943, so provides. These statutes, sections 25-1004 to 25-1041, R. R. S. 1943, must be construed in pari materia and in the light of their history and purpose. A review of the history of the statutes in question reveals that they have stood in the same interrelationship since their inception. As such, the scope of garnishment has been determined as a method of attachment applicable to property of the debtor in the hands of a third party. It is notice to the party in actual possession of the property of the debtor that it is to be held subject to the attachment. It simply notifies of the attachment authorized by sections 25-1002 and 25-1003, R. R. S. 1943. Mathews, Tootle & Maule v. Smith & Crittenden, 13 Neb. 178, 12 N. W. 821; Salyers Auto Co. v. DeVore, 116 Neb. 317, 217 N. W.

94, 56 A. L. R. 594; Crawford State Bank v. Murphy, 142 Neb. 795, 7 N. W. 2d 762.

We are dealing here with a proceeding before judgment in which there is no notice to a defendant. By its terms, the general attachment statute, section 25-1001, R. R. S. 1943, applies to all of the property of a defendant. It contains no exclusion as to property held by third parties. The statute in question, section 25-1010, R. R. S. 1943, requires the plaintiff to incorporate the allegations of section 25-1001, R. R. S. 1943, the general attachment statute, into the affidavit therein provided for. Section 25-1017, R. R. S. 1943, provides that: "An order of attachment binds the property attached from the time of service, and the garnishee shall stand liable to the plaintiff in attachment for all property, money, and credits in his hands, or due from him to defendant, * * *." Thus, by their terms, both sections 25-1010 and 25-1017, R. R. S. 1943, are designed to supplement and implement the general attachment statute, section 25-1001, R. R. S. 1943, as they relate to property in the hands of third parties. Section 25-1003, R. R. S. 1943, after excepting foreign corporations and nonresidents of the state specifically provides that, "In all other cases, the order of attachment shall not be issued by the clerk * * *," until a bond has been filed as provided therein. We think that it was the legislative intent, when the statute required the plaintiff to comply with the provisions of the general statute on attachment as to necessary allegations, that it must have therefore also intended that it comply with the bond provisions of section 25-1003, R. R. S. 1943. These statutes are a part of a comprehensive act. This interpretation harmonizes the meaning of the statutes, gives consistency to them, and achieves the clear legislative purpose of consistent protection for all of the defendant's property from wrongful attachment.

Vanburg v. Mauel, 131 Neb. 685, 269 N. W. 626, holds that a garnishment, for the purposes of a bond, is an attachment and that the provisions of section 25-1003,

R. R. S. 1943 (then section 20-1003, Comp. St. 1929), require a bond with properly qualified sureties. Garnishment is an attachment, species, or mode of attachment that reaches property in the hands of third parties. American Central Ins. Co. v. Hettler, 37 Neb. 849, 56 N. W. 711, 40 Am. S. R. 522; 6 Am. Jur. 2d, Attachment and Garnishment, § 3, p. 561.

The same conclusion follows from an analysis of the purpose of the statute. It could not have been contemplated by the Legislature, in enacting this comprehensive statute on attachment, that property of the defendant, merely because it was in the possession of a third party, was not to be protected by the bond requirement. This is particularly true because the writ may issue before judgment and without notice to the defendant. All of the bank account of a defendant, for example, could be tied up by a small claim without notice or protection to him.

By a parity of reasoning, we come to the conclusion that the amount of the bond also should be fixed in the manner provided by section 25-1003, R. R. S. 1943. This is to protect against the issuance of an attachment by way of garnishment for a wholly unrealistic amount and oppressively tie up an unnecessarily large amount of defendant's assets. The Legislature recognized the need for the protection of a defendant by the requirement of an endorsement of the amount by a judge.

We hold, therefore, that the bond required by section 25-1003, R. R. S. 1943, must be given in a garnishment proceeding before judgment and in an amount to be fixed as required by the same statute. The district court properly quashed the garnishment and its judgment is affirmed.

AFFIRMED.