KATHLEEN C. SHADE, APPELLEE, V. KATHLEEN B. KIRK, APPELLANT, KIRK TYPEWRITER CO., INC., ET AL., APPELLEES.

420 N.W.2d 284

Filed March 11, 1988.   No. 86-395.

S. Caporale, for appellant.

Edward F. Fogarty of Fogarty, Lund & Gross, and Mary Kay Green, for appellee Shade.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and BLUE, D.J.

WHITE, J.

This action arises from a dissolution of the marriage between James L. Kirk and Kathleen C. Kirk, now Kathleen C. Shade. After 32 years of marriage James Kirk filed for divorce in the district court for Sarpy County, Nebraska. The court, on January 14, 1982, entered a decree of dissolution providing for child support and alimony. The portion of the decree relevant to this litigation provides as follows:

> IT IS FURTHER ORDERED that the petitioner [James L. Kirk] shall be awarded sole ownership of the two insurance policies insuring his life, provided that, in order to secure respondent's support in the event of the petitioner predeceasing the respondent, petitioner shall keep sufficient life insurance in force, designating respondent as beneficiary, to provide death benefits of at least $25,000.00. Such coverage shall be maintained for respondent's benefit for as long as petitioner owes a duty to pay alimony to respondent.

(Emphasis in original.)

James Kirk remarried and then changed the beneficiary on the policies to his new wife, Kathleen B. Kirk. After James Kirk's death, Kathleen C. Shade brought an action in the district court for Douglas County for declaratory judgment, seeking a determination of the rights of the parties under the contracts of insurance at issue. The two insurance companies

deposited the amounts due under the policies with the court. All of the remaining parties moved for summary judgment.

The district court ruled that, as a matter of law, the Sarpy County Court had the authority to require a spouse in a dissolution action to maintain life insurance as a death benefit for the other spouse and ordered that the sum of $25,000 held by the court be paid over to the plaintiff, Kathleen C. Shade.

On appeal to this court the appellant, Kathleen B. Kirk, contends that the dissolution court did not have the power to require James Kirk to maintain life insurance as a death benefit for the plaintiff. The appellant also contends the language of the dissolution decree should be construed as only requiring security for past-due alimony. We affirm.

The appellant's first contention is an attempt to collaterally attack the original dissolution decree. A judgment is not subject to collateral attack, however, unless it is void for lack of jurisdiction over the parties or the subject matter. When a district court has acquired jurisdiction, its judgment, even if erroneous, cannot be collaterally assailed. *State ex rel. Ritthaler v. Knox*, 217 Neb. 766, 351 N.W.2d 77 (1984). The appellant's first contention is therefore without merit.

As for the appellant's second contention, we think the meaning of the dissolution decree is clear and unambiguous. The decree provides for Kathleen C. Shade's support in the event that James Kirk predeceases her at a time when she has not remarried. When the language of a dissolution decree is plain and unambiguous, there is no room for construction, and the effect of the decree must be declared in light of the literal meaning of the language used. See *Bokelman v. Bokelman*, 202 Neb. 17, 272 N.W.2d 916 (1979). There being no error, the judgment of the district court is affirmed.

AFFIRMED.