## Puleo et al. v. Gilmore et al.

Griggs & Moreland, for plaintiffs.

Dickie, Robinson & McCamey, Nathan M. Katz and Frank R. Sack, for defendants.

SOFFEL, J., December 20, 1944.—This case is before the court on a motion to quash the writ joining the Buckeye Union Casualty Company as an additional garnishee defendant.

Plaintiffs in the above-captioned cases secured judgments against Eileen Gilmore and David Gilmore, defendants. After entry of judgments which were obtained in Venango County, Pa., and transferred to the Court of Common Pleas of Allegheny County, Pa., a writ of attachment execution issued against Keystone Mutual Casualty Company as garnishee. Interrogatories were served on the said garnishee, Keystone Mutual Casualty Company, and the answers to the interrogatories admit the existence of a certain policy of insurance issued by the said Keystone Mutual Casualty Company, garnishee, to David Gilmore. After the said answers were filed, the original garnishee, Keystone Mutual Casualty Company, filed a complaint against Buckeye Union Casualty Company, additional garnishee defendant.

The question for determination is this: Where a plaintiff, having obtained judgment against defendants, issues a writ of attachment execution against an insurance company which has a policy of insurance admitted to cover one of the defendants in the matter involved, may that insurance company join as additional garnishee a second insurance company which is also alleged to have a policy of insurance protecting the defendant? Or, stated more simply: Do the statute and rules of court giving a defendant and an additional defendant the right to bring other defendants upon the record by writ of scire facias, extend to the garnishee in an attachment execution?

We have examined the Pennsylvania Rules of Civil Procedure relating to joinder of additional defendants, as promulgated by the Supreme Court of Pennsylvania, December 30, 1942, to wit, Rules 2251 to 2275. It is our conclusion that after judgment has been entered and a writ of attachment execution has issued, there is no right in the garnishee in an attachment execution to bring on the record as an additional defendant, another garnishee. Certainly the original scire facias acts, as amended, and the rules promulgated by the Supreme Court to regulate the procedure in the matter of the joinder of additional defendants, never contemplated the extension of that right to a garnishee in an attachment execution.

Black's Law Dictionary (3rd ed.) defines a garnishee as follows (p. 837):

"GARNISHEE. One garnished; a person against whom process of garnishment is issued; one who has money or property in his possession belonging to a defendant, or who owes the defendant a debt, which money, property, or debt is attached in his hands, with notice to him not to deliver or pay it over until the result of the suit be ascertained. Welsh v. Blackwell, 14 N. J. Law, 348; Smith v Miln, 22 Fed. Cas. 606; Edwards v Stein, 94 N. J. Eq. 251, 119 A. 504, 505."

A defendant is defined by the same authority as follows (p. 541) :

"DEFENDANT. The person defending or denying; the party against whom relief or recovery is sought in an action or suit. . . . In common usage, this term is applied to the party put upon his defense, or summoned to answer a charge or complaint, in any species of action, civil or criminal, at law or in equity."

Under the definitions cited, it is our conclusion that a garnishee in an attachment execution is not a defendant in an action or suit and therefore has no right to bring on the record an additional garnishee defendant.

The writ joining the Buckeye Union Casualty Company as an additional garnishee defendant will therefore be quashed.